UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DISTRICT 65 PENSION PLAN** by its Trustees, **ROBERT AMBROSINI**, and **LARRY MAGARIK**,<br><br>Plaintiffs,<br><br>v.<br><br>**CONTROL BUILDING SERVICES, INC.** and **CONTROL EQUITY GROUP, INC.**,<br><br>Defendants. | Docket No.: 14-cv-5467 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Plaintiffs' unopposed Motion for Default Judgment against Defendants Control Building Services, Inc. ("CBS") and Control Equity Group, Inc. ("CEG") pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons set forth below, the Motion is hereby granted.

I.   FACTUAL BACKGROUND

Plaintiffs are an "employee benefit plan," as defined by ERISA, 29 U.S.C. §§ 1002(2), (3), and 1132(d)(1) (the "Plan"), and its Trustees. CBS was an "employer" within the meaning of ERISA, 29 U.S.C. §§ 1002(5), (11), and (12). CEG was a

1

"related employer" within the meaning of the Internal Revenue Code, 26 U.S.C. § 414(b), (c), (m), (n), or (o).

On or about August 31, 1994, CBS's obligation to contribute to the Plan ceased, and CBS effected a complete withdrawal from the Plan within the meaning of ERISA, 29 U.S.C. § 1383.  As a result of that withdrawal, CBS became obligated to make statutorily-required payments to the Plan. (Complaint at ¶ 15).  CBS disputed some of its obligations.  CBS and the Plan entered into a settlement agreement on September 23, 1996. (Complaint at ¶ 16).  Pursuant to the terms of the settlement agreement, CBS elected to satisfy its obligations by making quarterly payments of $1,407.00 until June 15, 2016. (Complaint at ¶ 16).  Beginning with the fourth quarter payment of 2013, CBS has failed to submit its payments. (Complaint at ¶ 17).

## II.   PROCEDURAL BACKGROUND

Proper service of the Complaint in this action was effectuated on the Defendants on September 23, 2014. (ECF Nos. 3-4).  Despite proper service, the Defendants have failed to answer this Complaint or otherwise plead.  The time for Defendants to answer or otherwise respond to the Complaint expired.  *See* Fed. R. Civ. P. 12(a).  Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a Default against Defendants on November 18, 2014. (ECF No. 6).  Plaintiffs served Defendants with Notice of the Motion for Default Judgment on November 18, 2014

and filed the Motion for Default Judgment on November 18, 2014. (ECF No. 6). No opposition has been filed.

## III.   JURISDICTION

Although a breach of a settlement agreement would normally be a state law cause of action, *see generally Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), because this involves enforcement of rights under ERISA, this Court has federal question subject matter jurisdiction. *See Bd. of Trustees of Hotel & Rest. Employees Local 25 v. Madison Hotel, Inc.*, 97 F.3d 1479, 1487 (D.C. Cir. 1996).

## IV.   LEGAL STANDARD

The mere fact of default does not entitle Plaintiff to judgment. To enter a default judgment, the court must first determine whether a sufficient cause of action has been stated, taking as true the factual allegations of the complaint. *See Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). Once a cause of action has been established, the district courts must make explicit factual findings as to three factors: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Joe Hand Promotions, Inc. v. Waldron*, CIV. 11-849 RBK/KMW, 2013 WL 1007398, at *4 (D.N.J. Mar. 13, 2013) (*citing Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008); *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Although the facts

plead in the Complaint are accepted as true, Plaintiff must prove damages. *See Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990).

## V. DISCUSSION

In this case, Plaintiffs plausibly plead that Defendants have breached their obligations under the settlement agreement. The Court also finds that the facts alleged and the exhibits attached merit entry of a default judgment. First, the Court finds that there is no basis for Defendants to claim a meritorious defense, as Plaintiffs provided ample evidence that Defendants entered into and then breached the terms of the settlement agreement. *See Days Inns Worldwide, Inc. v. LT Hospitality, Inc.*, No. 10-6125, 2011 U.S. Dist. LEXIS 76459, at *5-6 (D.N.J. July 14, 2011). Second, it is clear that Plaintiffs have been prejudiced by Defendants' failure to answer because Plaintiffs have incurred additional costs, have been unable to move forward with the case, and have been delayed in receiving relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). Third, where, as here, Defendants have failed to respond, there is a presumption of culpability. *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011).

The Court further finds that Plaintiffs have submitted sufficient evidence to support its request for damages. Fed. R. Civ. P. 55(b). Plaintiffs have also submitted

sufficient evidence to support its request for reasonable attorneys' fees and costs in accordance with Local Civil Rules 54.1 and 54.2.

## VI.    CONCLUSION

For the reasons set forth above, the Plaintiffs' motion for Default Judgment is granted.  An appropriate order and judgment follows.


/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 16, 2014**